IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BROOKS COREY GLADNEY**                                                            **PLAINTIFF**

v.                                                                                                No. 1:20CV203-GHD-RP

**LEE COUNTY**                                                                                                           **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Brooks Corey Gladney, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendant failed to provide him with adequate medical care during his stay at the Lee County Adult Detention Center, that the general conditions of the jail were poor, and the bonds set by the courts were excessive. The defendant has moved [38] for summary judgment. The plaintiff has not responded, and the deadline to do so has expired. For the reasons set forth below, the motion by the defendant for summary judgment will be granted, and judgment will be entered in favor of the defendant.

**Summary Judgment Standard**

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)).

After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

(5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Plaintiff's Claims**

Gladney claims that Lee County violated his constitutional rights in the following ways: that there were inmates at the jail with Covid-19 and that the protocols in place were insufficient to protect him from infection (Exhibit A, Complaint, ECF 1, p. 5, Paragraph V); that the food was of low quality and insufficient in calories, *id.* pp. 5-6; that there was overcrowding and the cells were unsanitary (*id.*, p. 6); that the front holding cell was also overcrowded and the phone system was insufficient (*id.*, pp. 6-7); that bond amounts set by judges are excessive (*id.*, p. 7); and that there was insufficient medical staff, *id.*

**Undisputed Material Facts**

Gladney never tested positive for COVID-19; instead, he tested "negative." Exhibit B, Negative COVID-19 Test. Further, as to Gladney's general allegations regarding medical treatment, he was provided medical treatment by the medical staff at LCDC for symptoms of nasal congestion, chlamydia, and low back pain – as shown by the Progress Reports of the medical staff at LCDC, the CTC Phone Manager, and North Mississippi Health Services records. See Exhibit C, LDCD medical records.

On April 6, 2020, Gladney expressed to Nurse Govatos (via the CTC Phone Manager) that he was concerned he may have a sexually transmitted disease. Exhibit C, LCDC medical records, LCDC-Gladney 00005. That same day, he was seen for congestion and cold as well as for his complaints of penile discharge:

> 04/06/2020 08:35 – No known drug allergies; Complains of nasal congestion,

> stiffness, cough, sore throat. Onset one week; Temp 97.8. Complains of penile discharge.
>
> Exam: Well-appearing; no acute distress; pharynx within normal limits. Regular rate and rhythm. Bilateral breath sounds clear.
>
> Diagnosis: Upper respiratory infection; penile discharge.
>
> Plan: Urinalysis; urine GC/chlamydia. Doxycycline 100g 1 tablet by mouth two times daily #20. Sinus tabs PRN. Tessalon 200g 1 tablet by mouth three times daily as needed for cough #15.

Exhibit C, LCDC medical records, LCDC-Gladney 00046.

Gladney was tested for chlamydia, and his negative test results were returned April 8, 2020.

Exhibit C, LCDC medical records, LCDC-Gladney 00049-00050.

On July 20, 2020, Gladney was also seen for lower back pain:

> 07/20/2020 1:35 – No known drug allergies; Complains of low back. No injury or trauma, radiation to hips.
>
> Exam: Tenderness to palpation to lower lumbar paraspinal muscles. Ambulates without assistance. Neuro intact. Decreased active range of motion secondary to pain with flexion.
>
> Diagnosis: Lumbar strain
>
> Plan: Decadron 8g injection/ Toradol 60g injection. Tylenol/Ibuprofen as needed for pain. Flexeril 10g 1 tablet by mouth three times daily as needed #15.

Exhibit C LCDC medical records, LCDC-Gladney 00046.

The plaintiff also alleges that he received less than 2,200 calories of food per day, that the cell areas are unsanitary, that the toilets and sinks frequently back up and overflow, and the only water available is from the sink (which is connected to the toilet). In addition, he alleges that the building is treated for pests every two months. According to Gladney, up to 25 inmates sleep on the floor of the front holding cell (which houses inmates waiting to be booked into the system). The holding cell is designed for ten to twelve inmates. Gladney claims that only collect calls are permitted on the wall

phone available to inmates, which hampers inmates' ability to contact their attorneys. In addition, Gladney alleges that medical staff are not on-site at all times; no medical staff are present at the jail during nights and weekends. Finally, the plaintiff alleges that the courts in Lee County frequently set bond too high for indigent inmates to pay. The plaintiff has since been transferred away from the Lee County Adult Detention Center.

### Denial of Medical Treatment

The plaintiff devoted most of his complaint to the allegation that he was not properly protected from contracting the Covid-19 virus during his stay at the Lee County Jail. In order to prevail on a claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to

pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996).

A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Deliberate indifference is not established when medical records indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or the prisoner's disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

In this case, as shown in the facts outlined above, the plaintiff tested negative for the Covid-19 virus; as such, he suffered no harm from the preventative measures put in place by the medical staff. In addition, he received medical treatment for a variety of medical problems when he requested it. The facts of this case do not show that medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner, supra*. As such, he has not shown that he suffered a denial of adequate medical treatment during his stay at the Lee County Adult Detention Center, and judgment will be entered in favor of the defendant Lee County as to this claim.

## County Liability

The sole defendant in this case is Lee County, Mississippi. To establish county liability under § 1983, a plaintiff must demonstrate that an official policy or custom caused the constitutional violation alleged. *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995); *Colle v. Brazos County, Texas*, 981 F.2d 237, 244 (5th Cir. 1993). An official policy may be either "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the county's] officers," or a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690–91, 98 S.Ct. 2018. "Official [county] policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011).

The plaintiff has alleged no facts to show that any policy-making official for Lee County implemented an official policy that caused the alleged constitutional violations, nor has he established a persistent pattern of conduct by city or county officials that caused the alleged violations. In a § 1983 action, liability may not be imposed upon a governmental entity on a theory of *respondeat superior* for the actions of non-policy making government employees. *Monell*, 436 U.S. at 690-94; *see Doe v. Rains County Independent School District*, 66 F.3d 1402, 1409 (5th Cir. 1995); *Brown v. Bryan County, Texas*, 53 F.3d 1410, 1418 (5th Cir. 1995).

As set forth above, the plaintiff complains that he was provided low quality food with insufficient calories, *id.* pp. 5-6; that there was overcrowding and the cells were unsanitary, *id.*, p. 6; that the front holding cell was overcrowded and the phone system was insufficient, *id.*, pp. 6-7; that bond amounts set by judges are excessive *id.*, p. 7; and that there was insufficient medical staff, *id.*

However, the plaintiff has identified no Lee County policy (or direct involvement of policy-making officials) leading to any of the alleged violations. Hence, his allegations against the County must be dismissed for failure to state a claim upon which relief could be granted.[1]

## Conclusion

For the reasons set forth above, the defendant's motion [38] for summary judgment will be granted, and the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 12th day of September, 2022.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] In addition, as discussed above, the plaintiff received adequate medical care during his stay at the jail. Further, the county does not set bond for criminal defendants; state court judges do. As such, the allegation regarding excessive bond does not state a claim against Lee County. These two claims will thus, alternatively, be dismissed on the merits.